Dear Senator Posey:
You have expressed your concerns regarding the application of the federal Law Enforcement Officers Safety Act of 2004. Specifically, you ask:
Whether the State of Florida has statewide qualifications and training standards for active law enforcement officers to carry firearms and, if not, whether a retired law enforcement officer may carry a concealed weapon pursuant to the federal act?
In July 2004 President Bush signed into law House Resolution 218, the Law Enforcement Officers Safety Act of 2004. Title 18 United States Code 926C provides for the carrying of concealed firearms by qualified retired law enforcement officers, stating in subsection (a) that:
"Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b)."[1]
Subsection (c) of 18 United States Code 926C defines _qualified retired law enforcement officer_ as an individual who:
"(1) retired in good standing from service with a public agency as a law enforcement officer, other than for reasons of mental instability;
(2) before such retirement, was authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and had statutory powers of arrest;
(3)(A) before such retirement, was regularly employed as a law enforcement officer for an aggregate of 15 years or more; or
(B) retired from service with such agency, after completing any applicable probationary period of such service, due to a service-connected disability, as determined by such agency;
(4) has a nonforfeitable right to benefits under the retirement plan of the agency;
(5) during the most recent 12-month period, has met, at the expense ofthe individual, the State's standards for training and qualification foractive law enforcement officers to carry firearms;
(6) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
(7) is not prohibited by Federal law from receiving a firearm." (e.s.)
The identification required by the subsection is defined in 18 United States Code 926C(d) as:
"(1) a photographic identification issued by the agency from which the individual retired from service as a law enforcement officer that indicates that the individual has, not less recently than one year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the agency to meet the standards established by the agency for training and qualification of active law enforcement officers to carry a firearm of the same type as the concealed firearm; or
(2)(A) a photographic identification issued by the agency from which the individual retired from service as a law enforcement officer; and
(B) a certification issued by the State in which the individual resides that indicates that the individual has, not less recently than one year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the State to meet the standards established by the State for training and qualification for active law enforcement officers to carry a firearm of the same type as the concealed firearm."
Florida does not have statewide standards for firearms training and qualification for active law enforcement officers.[2] In this state the responsibility for firearms proficiency lies with the local employing agency. The question therefore has been raised as to whether the federal act requires the state to adopt a uniform statewide standard in order for retired law enforcement officers to exercise their rights under 18 United States Code 926C to carry a concealed firearm.
This office has reviewed the legislative history surrounding the adoption of House Resolution 218 and found nothing that indicates the federal government intended to require states to adopt statewide standards. Testimony before the congressional committees recognized the wide disparity among states regarding their training standards and acknowledged that many states do not have a statewide standard. The intent of the legislation appears to have been to ensure that retired law enforcement officers meet the same firearms training and qualifications as active officers if such standards exist, rather than to require a state to adopt such standards.
I would note that in Florida any citizen who meets the qualifications of section 790.06(2), Florida Statutes, may be granted a license to carry a concealed weapon or firearm. The licensee must demonstrate competence with a firearm by completing one of several firearms safety or training courses.[3] Concealed weapons or firearms licenses are valid for a period of five years and may be renewed by filing a renewal form, with a notarized affidavit stating that the licensee remains qualified pursuant to the criteria specified in section 790.06, Florida Statutes.[4]
Thus, under Chapter 790, Florida Statutes, a citizen who wishes to carry a concealed firearm is not required to meet the requirements of one uniform state standard in order to maintain his or her license.
Florida law exempts active law enforcement officers from the requirements of the state's concealed weapons licensing statute,[5] retired law enforcement officers, however, are required to obtain a concealed weapons license although section 790.06, Florida Statutes, exempts a retired officer, from the required fees and background investigation for a period of one year subsequent to the date of retirement of the officer.[6] The federal law, by permitting retired law enforcement officers to carry concealed weapons provided that they meet the criteria specified in the federal act, would, in my opinion, preempt the state statute requiring retired law enforcement officers to obtain a concealed weapons permit.
In light of these considerations, I am of the opinion that retired law enforcement officers may carry concealed weapons pursuant to 18 United States Code 926C even though the state does not currently have statewide firearms training and qualifications standards for active law enforcement officers.[7]
Sincerely,
Charlie Crist Attorney General
CC/tall
[1] See 18 U.S.C. 926C(b) which provides that the section does not supersede or limit
any state law that permits private persons or entities to prohibit or restrict the possession of concealed firearms on their property, or prohibits or restricts the possession of concealed firearms on state or local government property. And see 18 U.S.C. 926C(e) which states that the term "firearm" does not include any machine gun, any firearm silencer, or a destructive device.
[2] See s. 943.10(1), Fla. Stat., defining "Law enforcement officer" as "any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state." And see s.943.13, Fla. Stat., which sets forth general qualifications for employment or appointment of an individual as a law enforcement officer including, among other things, completion of a commission-approved basic recruit training program for the applicable criminal justice discipline, unless exempt under this subsection.
[3] See s. 790.06(2)(h), Fla. Stat., stating that the licensee must demonstrate competence with a firearm by any one of the following:
"1. Completion of any hunter education or hunter safety course approved by the Fish and Wildlife Conservation Commission or a similar agency of another state;
2. Completion of any National Rifle Association firearms safety or training course;
3. Completion of any firearms safety or training course or class available to the general public offered by a law enforcement, junior college, college, or private or public institution or organization or firearms training school, utilizing instructors certified by the National Rifle Association, Criminal Justice Standards and Training Commission, or the Department of Agriculture and Consumer Services;
4. Completion of any law enforcement firearms safety or training course or class offered for security guards, investigators, special deputies, or any division or subdivision of law enforcement or security enforcement;
5. Presents evidence of equivalent experience with a firearm through participation in organized shooting competition or military service;
6. Is licensed or has been licensed to carry a firearm in this state or a county or municipality of this state, unless such license has been revoked for cause; or
7. Completion of any firearms training or safety course or class conducted by a state-certified or National Rifle Association certified firearms instructor;"
"A photocopy of a certificate of completion of any of the courses or classes; or an affidavit from the instructor, school, club, organization, or group that conducted or taught said course or class attesting to the completion of the course or class by the applicant; or a copy of any document which shows completion of the course or class or evidences participation in firearms competition shall constitute evidence of qualification under this paragraph; any person who conducts a course pursuant to subparagraph 2., subparagraph 3., or subparagraph 7., or who, as an instructor, attests to the completion of such courses, must maintain records certifying that he or she observed the student safely handle and discharge the firearm[.]"
[4] Section 790.06(1) and (11), Fla. Stat.
[5] See s. 790.06(5)(b), Fla. Stat., which provides in part that
"an individual holding an active certification from the Criminal Justice Standards and Training Commission as a "law enforcement officer," "correctional officer," or "correctional probation officer" as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) is exempt from the licensing requirements of this section. If any individual holding an active certification from the Criminal Justice Standards and Training Commission as a "law enforcement officer," a "correctional officer," or a "correctional probation officer" as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) wishes to receive a concealed weapons or firearms license, such person is exempt from the background investigation and all background investigation fees, but shall pay the current license fees regularly required to be paid by nonexempt applicants."
And see ss. 790.051 (law enforcement officers exempt from licensing and penal provisions of [Chapter 790] when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty) and 790.052, Fla. Stat., stating that all persons holding active certifications from the Criminal Justice Standards and Training Commission as law enforcement officers have the right to carry, on or about their persons, concealed firearms, during off-duty hours, at the discretion of their superior officers; however, "nothing in this subsection shall be construed to limit the right of a law enforcement officer . . . to carry a concealed firearm off duty as a private citizen under the exemption provided in s. 790.06 that allows a law enforcement officer . . . to carry a concealed firearm without a concealed weapon or firearm license."
[6] Section 790.06(5)(b), Fla. Stat.
[7] This office has been advised that the Criminal Justice Standards and Training Commission has decided to adopt statewide firearms training and qualification standards for active law enforcement officers. See s.943.12(5), Fla. Stat., authorizing the commission to establish "uniform minimum training standards for the training of officers in the various criminal justice disciplines."